```
            UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                   Newport News Division
```

UNITED STATES OF AMERICA

v.                                    ACTION NO. 4:05CR37

JOSEPH BUTLER,

       Defendant.

O R D E R

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 846 and 841.

There is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c).

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing

evidence that the defendant was involved in a conspiracy which was a loose-knit organization of individuals. Most of the persons named in the indictment both purchased and sold drugs as part of the conspiracy. The Assistant United States Attorney indicated that there are at least fourteen witnesses who could describe the overall nature of the conspiracy, eleven of whom have been federally prosecuted and three of whom are not facing charges. In addition, the government successfully made several controlled purchases from a number of the persons named in this indictment.

The Assistant United States Attorney proffered that the defendant had direct drug dealings with at least four witnesses. Although there were no controlled purchases, the defendant was observed with a firearm on one drug transaction. The witnesses state that this defendant generally was involved with large quantities of drugs.

The defendant is 37 years old and has lived in this community all his life. He is married and has two children with his wife and six additional children. He is over $40,000 in arrears in child support. The defendant has been employed regularly, but not since March of 2005. He currently has no income.

The defendant began using marijuana and cocaine seven years ago and has continued to use the drugs until this year.

The defendant has four misdemeanor convictions and one felony conviction for maiming in 1991. In addition, he has been arrested

on 12 other occasions.

The defendant is a nonappearance risk because of his criminal record. He is a danger to the community because of his criminal history, the alleged offense, his employment status, and his drug use.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

> /s/
> Tommy E. Miller
> United States Magistrate Judge

Norfolk, Virginia

April 25, 2005

<u>Nunc</u> <u>pro</u> <u>tunc</u> April 19, 2005