UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 4:05cr37

**JOSEPH BUTLER,**

    **Defendant.**

## MEMORANDUM ORDER

This matter comes before the court on the Defendant's Motion for Compassionate Release, filed pro se on June 9, 2021. ECF No. 399. In the Motion, the Defendant requests that his sentence be reduced because of the spread of the novel Coronavirus ("COVID-19").[1]

### I. Procedural History

On July 12, 2005, the Defendant pleaded guilty to Count One of a seventeen-count, multiple-defendant criminal Indictment. ECF No. 105. Count One charged the Defendant with Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. On January 5, 2006, the court sentenced the Defendant to a term of imprisonment of three hundred

---

[1] The Defendant also requests that counsel be appointed to assist him in prosecuting the Motion for Compassionate Release. ECF No. 399 at 1. This case presents no exceptional circumstances requiring the appointment of counsel, however, and the court therefore **DENIES** the motion for appointed counsel. See United States v. Legree, 205 F.3d 724, 729 (4th Cir. 2000).

sixty (360) months and five (5) years supervised release. ECF No. 145. On April 20, 2018, the court reduced the Defendant's sentence to three hundred twenty-four (324) months. ECF Nos. 324-25.

The Defendant filed the instant Motion for Compassionate Release on June 9, 2021. ECF No. 399. The United States filed a response in opposition on July 22, 2021. ECF No. 402. The Defendant filed a reply on August 9, 2021. ECF No. 404.

## II. Exhaustion of Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may modify a term of imprisonment, if it finds that "extraordinary and compelling reasons warrant such a reduction." Before the court may consider such a motion, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A).

In the Motion, the Defendant states that the warden of his facility denied his request for compassionate release on June 18, 2020. ECF No. 399 at 1. The Defendant also attached to the Motion copies of (1) his appeal of the warden's decision that he sent to the Bureau of Prisons ("BOP") on February 17, 2021, and (2) the BOP's denial of the appeal, dated April 27, 2021. ECF No. 399-1.

2

Accordingly, the court finds that the Defendant has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

### III. Merits of the Motions for Compassionate Release

The court now considers whether the Defendant has shown "extraordinary and compelling reasons" that justify a reduction in his sentence. Any reduction under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). In McCoy, the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Commission has not issued a policy statement since the passage of the First Step Act. 981 F.3d at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (alteration omitted) (quoting United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this court after the Fourth Circuit's decision in McCoy, the court finds certain of its provisions useful in addressing the instant Motion. For example, the court will still consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," U.S.S.G. § 1B1.13, and whether "[t]he defendant is . . . a danger to the safety of any other

3

person or to the community," id. § 1B1.13(2), because these considerations remain highly relevant to whether a reduction in sentence is warranted in this case.

The Defendant argues that his sentence should be reduced because of the possibility that he will contract COVID-19 while he is incarcerated. ECF No. 399. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (Novak, J.) (emphasis added). Furthermore, the court must balance these considerations against the sentencing "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see McCoy, 981 F.3d at 275, 278.

The court first considers the Defendant's risk and susceptibility to COVID-19. According to the Defendant, who is fifty-four (54) years old, he "is in fair condition for" his age ECF 399 at 3. Still, he argues that his "age alone makes him particularly vulnerable for severe complications to COVID-19."[2]

---

[2] The Defendant has not identified any underlying medical condition that places him at a greater risk of serious complications or death, if he were to contract COVID-19.

Id. In response, the United States asserts that the Defendant is healthy and does not possess any risk factor that would give rise to an extraordinary and compelling reason for compassionate release. ECF No. 402 at 11. The United States also notes that the Defendant refused the Pfizer-BioNTech COVID-19 vaccination when it was offered to him on February 9, 2021. Id. at 8. In his reply, the Defendant admits that he refused the vaccine initially because he "was hesitant [about the vaccine] due to lack of information the nurses [provided him]." ECF No. 404 at 2. He says, however, that he has since spoken to doctors about the vaccine and "had a change of heart with regards to vaccination."[3] Id.

The court concludes that the Defendant has not met his burden of showing extraordinary and compelling reasons for a reduction in sentence. The Defendant admits that he has no underlying medical condition and relies on his "age alone" in establishing a particularized susceptibility to COVID-19. ECF No. 399 at 3. The Defendant's age of fifty-four (54) is not extraordinary and compelling, even in light of the COVID-19 pandemic. Cf. United States v. Dunlap, Criminal No. PJM 01-0097, 2020 WL 5096723, at *3-4 (D. Md. Aug. 28, 2020) ("[B]eing 55 [years old] is by itself not an 'extraordinary and compelling reason' for release.").

---

[3] The Defendant does not explicitly state that he has been vaccinated. However, the court understands the Defendant's remark to indicate that the Defendant has now received the COVID-19 vaccination, or that he will receive it at his next opportunity.

5

Furthermore, it appears that the Defendant either has received, or soon will receive, the Pfizer-BioNTech vaccination. ECF No. 404 at 2; see supra n.3 & accompanying text. This court has previously found that a vaccinated defendant had not shown extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) because the vaccine is effective at preventing serious illness or death from COVID-19.[4] See United States v. Murry, --- F. Supp. 3d ---, 2021 WL 1899362, at * 2 (E.D. Va. May 11, 2021) (Smith, J.).

Next, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against a reduction in sentence, and the court would not reduce the Defendant's sentence even if he were at a particularized risk and/or susceptibility to COVID-19. Cf. United States v. Kibble, --- F.3d ---, 2021 WL 1216543, at *3-5 (4th Cir. Apr. 1, 2021) (affirming denial of a motion for compassionate release where the defendant's "health conditions . . . amount to extraordinary and compelling circumstances," but "the § 3553(a) factors counseled against a sentence reduction").

---

[4] The court would also find no extraordinary and compelling reason for a reduction in sentence, if the Defendant continues to decline the vaccination, see supra n.3, because in that instance "[t]he Defendant's refusal to take preventative measures against COVID-19 substantially undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison." United States v. Madison, No. 2:17cr80, slip op. at 5 (E.D. Va. March 19, 2021) (Smith, J.).

The Defendant was involved in the drug-trafficking conspiracy continuously for at least seven years, from 1997 until 2004. PSR ¶¶ 25-37. After his arrest, the Defendant pleaded guilty to Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams or More of Cocaine Base and 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. At sentencing, he was attributed with 8.934975 kilograms of crack cocaine and 16.85855 kilograms of cocaine. PSR ¶¶ 25-32, 34-37; see ECF No. 342. The Defendant also received a two-point offense level enhancement for possession of a firearm. PSR, Worksheet A. Based on the Defendant's years-long involvement in a drug trafficking conspiracy that distributed large amounts of cocaine and crack cocaine in the Eastern District of Virginia, the court concludes that any reduction in sentence in this case would result in a sentence that fails to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to adequately deter criminal conduct, and to protect the community. 18 U.S.C. § 3553(a)(2)(A)-(C).

The court also notes that the Defendant's criminal history weighs heavily against a reduction in sentence. His prior convictions include (1) contributing to the delinquency of a minor; (2) maiming; and (3) assault and battery. PSR ¶¶ 50-52. Based on these and other convictions, the Defendant had a Criminal History Category of IV. The court observes that, although the Defendant

served a substantial prison sentence in state court on the maiming conviction <u>prior to his involvement in the instant drug trafficking conspiracy</u>, that sentence was clearly not sufficient to deter him from new criminal conduct. Id. ¶ 51. Additionally, the Defendant's involvement in a drug trafficking conspiracy while on probation in state court, see id., Worksheet C, demonstrates a lack of respect for the law and that there is a need to protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(2)(A), (C).

Lastly, while the court recognizes the Defendant's efforts at self-improvement while incarcerated,[5] this factor alone is insufficient to constitute an extraordinary and compelling reason for a reduction in sentence. See, e.g., United States v. Hill, No. 3:14cr114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) (Lauck, J.); see also 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a reduced sentence]."). Furthermore, the

---

[5] In the Motion and reply, the Defendant states that, while incarcerated, he has worked in several jobs, earned his GED, and taken several classes. ECF Nos. 399 at 3, 404 at 4. He also attaches a character letter from "R. Moore," a health services assistant with the BOP. ECF No. 404 at 4. Finally, the Defendant contends that his "institutional record is almost perfect, and he has been incident free for the last 12 years." ECF No. 399 at 3. The United States responds by noting that the Defendant was most recently sanctioned by the BOP for "using abusive/obscene language" on February 13, 2021. ECF No. 402 at 18; see ECF No. 402-1. The Defendant does not dispute this. ECF No. 404. Other than this incident, the United States does not assert that the Defendant has had any other recent infractions while incarcerated.

Defendant's rehabilitative efforts to this point do not outweigh the seriousness of his offense and his criminal history. See supra Section III at 6-8. Accordingly, the court will not reduce the Defendant's sentence.

## IV. Conclusion

For the foregoing reasons, and having considered the factors in 18 U.S.C. § 3553(a), the court concludes that the Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, the Defendant's Motion for Compassionate Release, ECF No. 399, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Defendant, the United States Attorney at Newport News, and the BOP.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 12, 2021